UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY WILBON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:06CV00002 ERW |
| ) | |
| JIM MOORE et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Defendants Jim Moore, Rhonda Kieffer, Robert Billings, and Beverly Little's Motion to Dismiss [doc. #15].

**I.  BACKGROUND FACTS**

Plaintiff Gregory Wilbon is an inmate at Northeast Correctional Center in Bowling Green, Missouri. He brings this suit pursuant to 42 U.S.C. § 1983, seeking monetary, injunctive, and declaratory relief. He contends that his Eighth Amendment rights were violated when Defendants failed to properly protect him from an attack by his cell mate.

**II.  DISCUSSION**

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies before filing a suit contesting conditions of confinement under § 1983. *See* 42 U.S.C. § 1997e(a). This requires exhaustion of each and every claim against each and every defendant prior to filing suit in federal court. *See Abdul-Muhammad v. Kempker*, 450 F.3d 350, 352 (8th Cir. 2006); *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003). "If all available administrative remedies have not been exhausted as to all claims before the suit is filed, dismissal of the complaint is mandatory."

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Abdul-Muhammad*, 450 F.3d at 352.

In his Amended Complaint, Plaintiff advances claims against a variety of individuals, including Defendant Beverly Little. Defendant Little points out that Plaintiff has failed to exhaust his administrative remedies as to his claims against her because Plaintiff has never filed any IRR, Grievance, or Grievance Appeal naming her as a respondent. Defendant Little provides a copy of Plaintiff's administrative file in support of her contention that Plaintiff has failed to exhaust his administrative remedies. A review of this file reveals that Plaintiff has filed three sets of IRRs, Grievances, and Grievance Appeals. *See* Defs' Ex. A, B, and C. None of these IRRs, Grievances, or Grievance Appeals name Beverly Little. In an attempt to demonstrate that he has exhausted his claims as to Defendant Little, Plaintiff points out that, in his final Grievance Appeal, he mentions "CA"[1] and "FUM"[2] in the text of his appeal. While it is true that Plaintiff mentions these titles in Grievance Appeal NECC-05-1400, the mention of these two titles in a single Grievance Appeal with no further description is far from enough to provide Defendant Little with the notice required by the PLRA.[3] Because Plaintiff has failed to establish that he exhausted his administrative remedies in

---

[1] Defendants explain that this title stands for "Case Manager." Plaintiff appears to indicate that this title actually stands for "Caseworker Assistant."

[2] Defendants explain that this title stands for "Functional Unit Manager."

[3] Further, Plaintiff concedes that he did not mention these job titles in the IRR or Grievance which preceded the Grievance Appeal. Even if the job titles were enough to provide proper notice, Plaintiff nonetheless failed to follow proper procedure because he failed to name Defendant Little at each stage of the grievance process.
   Plaintiff argues that his failure to specifically name Defendant Little should be excused because Defendants knew or should have known who he was talking about in his Grievance Appeal when he used the terms "CA" and "FUM." He also argues that he had no way of obtaining the proper name. The Court notes that there is no indication in the single Grievance Appeal that Plaintiff had difficulty obtaining Defendant Little's name, and the Court notes that Plaintiff apparently did not have trouble obtaining the name for purposes of filing this lawsuit. Plaintiff's argument is without merit.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

accordance with the requirements of the PLRA and *Abdul-Muhammad*, dismissal of Plaintiff's Amended Complaint is required.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Jim Moore, Rhonda Kieffer, Robert Billings, and Beverly Little's Motion to Dismiss [doc. #15] is **GRANTED**.

**IT IS FURTHER ORDERED** that service of process shall not issue upon Defendant Joseph Webb.

An appropriate Order of Dismissal shall accompany this Order.

Dated this 25th day of August, 2006.

*E. Richard Webber*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com